# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AURELIO CAGNO,** | Civil Action No. 19-20384 (AET) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| **DONIQUE IVERY, et al.,** | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**

This matter has been opened to the Court upon *pro se* Plaintiff, Aurelio Cagno's ("Plaintiff"), motion for the appointment of *pro bono* counsel "for the limited purpose of conducting discovery and obtaining an affidavit of merit." (Docket Entry No. 19). For the reasons set forth below, the Court will appoint *pro bono* counsel for the limited purpose of determining whether Plaintiff can obtain an affidavit of merit in support of his claim for medical malpractice against Defendants.

## I.  Factual Background and Procedural History

The Court sets forth only those facts necessary to this Opinion. Plaintiff, who is a *pro se* prisoner currently incarcerated at New Jersey State Prison ("NJSP"), submitted his Complaint on November 15, 2019. (Docket Entry No. 1). Plaintiff's Complaint was deemed filed on December 13, 2019, when Plaintiff's application to proceed *in forma pauperis* was granted (Docket Entry No. 2), and a summons was issued on July 30, 2020 after the District Court determined on June 8, 2020 that Plaintiff's claims under 42 U.S.C § 1983 and the New Jersey Tort Claims Act were sufficiently stated to pass its *sua sponte* screening. (Docket Entry Nos. 3 & 7).

Generally, the Complaint alleges that Defendants, a nurse practitioner and nurse who treated Plaintiff at NJSP, were deliberately indifferent to his serious medical needs when they failed to properly examine and treat Plaintiff's right foot over the course of several days beginning on November 15, 2017 and delayed in sending Plaintiff to the hospital, where he was subsequently diagnosed with ischemia of the foot due to a thrombosed popliteal aneurysm and had half of his foot amputated. (Docket Entry No. 1, Compl. ¶¶ 1-16). The Complaint also alleges that during his recuperation from surgery in the prison infirmary for several months beginning on December 29, 2017, his foley catheter was never changed, resulting in urinary infection and pain as well as a rash and other wounds from his inadequate incontinence treatment. (Compl. ¶¶ 16-19). Plaintiff alleges that as a result of Defendants' actions, he suffered "the loss of [his] right foot, infections, a severe rash, wounds, unnecessary pains and suffering, and mental distress and humiliations." (Compl. ¶ 26). In addition to his federal claim, Plaintiff, through his Complaint, alleges that Defendants' actions also amounted to medical malpractice. (Compl. ¶¶ 27-38).

Defendant Donique Ivery was served with the Summons and Complaint on December 3, 2020, making her Answer or other response due on December 24, 2020. (Docket Entry No. 10). Defendant Keisha Scott was served with the Summons and Complaint on February 24, 2021. (Docket Entry No. 12). Ivery failed to timely respond to Plaintiff's Complaint, and default was entered against her on March 9, 2021. On March 16, 2021, counsel entered a notice of appearance on behalf of Defendants and simultaneously sought an extension of time to respond to Plaintiff's Complaint. (Docket Entry Nos. 14, 15).

On March 26, 2021, Defendants filed their Answer. (Docket Entry No. 17). On March 26, 2021, the Court entered a Scheduling Order, which, in part, set July 26, 2021 as the fact discovery end date and directed the parties to provide the Court with a status update by June 25, 2021.

(Docket Entry No. 18). Plaintiff filed the instant motion for *pro bono* counsel on April 21, 2021. (Docket Entry No. 19).

## II. Discussion

As outlined by the Third Circuit, New Jersey's affidavit of merit statute was enacted "'as part of a tort reform package designed to strike a fair balance between preserving a person's right to sue and controlling nuisance suits.'" *Nuveen Mun. Trust v. WithumSmith Brown, P.C.*, 692 F.3d 283, 290 (3d Cir. 2012) (quoting *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 579 (3d Cir. 2003) (internal quotation marks and citation omitted)). The statute:

> [R]equires that a plaintiff filing "any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed professional" provide each defendant with "an affidavit of an appropriate licensed person [stating] that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices."

*Id*. (quoting N.J.S.A. § 2A:53A-27).

Further, pursuant to the statute, the affidavit of merit "must be provided within 60 days after the defendant files its answer. *Id*. (citing N.J.S.A. § 2A:53A-27). However, "[f]or good cause shown, the Statute provides one extension period of an additional 60 days contiguous to the initial 60-day period." *Id*. (citing N.J.S.A. § 2A:53A-27). As explained by the Third Circuit, "[t]he penalty for not following the . . . Statute is severe. Absent a showing of one of four limited exceptions, the failure to file the affidavit 'shall be deemed a failure to state a cause of action.'" *Id*. at 290-91 (quoting N.J.S.A. § 2A:53A-29). "The four limited statutory exceptions are (i) a statutory exception regarding lack of information; (ii) a 'common knowledge' exception; (iii) substantial compliance with the affidavit of merit requirement; or (iv) 'extraordinary

circumstances' that warrant equitable relief." *Id.* at 305 (citations omitted); *see* N.J.S.A. § 2A:53A-28.

Here, the affidavit of merit statute applies to Defendants. Further, Defendants filed their Answer on March 26, 2021, and Plaintiff expeditiously filed a request for *pro bono* counsel on April 21, 2021 to assist with his obligation to file an affidavit of merit. Plaintiff notes that he is "an eighty-year-old prisoner without the means to obtain the affidavit of merit required by state law" in part because his medical records must be obtained to procure the affidavit. (Docket Entry No. 19 at 2).

Indeed, it appears that Plaintiff is unable to effectively litigate the affidavit of merit issue without the assistance of counsel. 28 U.S.C. § 1915(e) "gives district courts broad discretion to request an attorney to represent an indigent civil litigant." *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1997). In determining whether *pro bono* counsel should be appointed, the Court considers, "the Tabron guideposts that may be relevant to any particular request for counsel, including successive requests, at the time and stage of litigation that the request is made." *Houser v. Folino*, Civil Action No. 16-2242, 2019 U.S. App. LEXIS 18368 at *16-17 (3d Cir. June 19, 2019).

Under *Tabron*, in deciding whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and, if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Tabron v. Grace*, 6 F.3d at 155-57. Other factors such as "the

lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time" must also be considered when deciding an application for the appointment of *pro bono* counsel. *Jenkins v. D'Amico*, Civ. Action No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58).

Here, Plaintiff's claims, which survived the Court's initial screening, clearly have arguable merit in fact and law. As a result, the Court turns to the other factors, which the Court, on balance, finds weigh in favor of appointing counsel at this juncture. Of these, Plaintiff's ability to present his case is "[p]erhaps the most significant" of the factors to consider in determining whether counsel should be appointed. *Montgomery v. Pinchak*, 294 F.3d 492, 501 (3d Cir. 2002). As noted above, Plaintiff appears unable to litigate the affidavit of merit issue without the assistance of counsel. As a result, this important factor weighs in favor of appointing counsel. The Court finds that the second factor also favors the appointment of counsel. In this regard, while the timeline for submitting the affidavit of merit is fairly straightforward, the process of actually obtaining the required affidavit is quite complex. *See Id*. at 502 (quoting *Tabron*, 6 F.3d at 157) ("instructing that the difficulty of the legal issues must be considered 'in conjunction with . . . the plaintiff's capacity to present his own case'"). Further, the fifth factor supports Plaintiff's request for counsel, as it is likely in this medical malpractice case that testimony from expert witnesses will be required. *See Parham v. Johnson*, 126 F.3d 454, 460 (3d Cir. 1997) (noting that "[a] medical malpractice case involves complex facts and medical records that even most lawyers struggle to comprehend. Hence, most of these cases require expert testimony"). The sixth factor also supports Plaintiff's request as Plaintiff, who is proceeding *in forma pauperis*, certainly cannot afford counsel on his own behalf. While Plaintiff may be able to pursue the necessary factual investigation related to

5

the claims and defenses at issue,[1] and while it is unclear the extent to which credibility determinations will be at play, the Court finds that, on balance, even after considering the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work and the value of lawyers' time, the appointment of counsel is warranted here.

At this time, the Court will appoint counsel for the limited purpose of assisting Plaintiff in determining whether he can obtain the appropriate affidavit of merit.

### III. Conclusion

For the reasons stated above, the Court will appoint *pro bono* counsel for the limited purpose of assisting Plaintiff in obtaining the required affidavit of merit in support of his medical malpractice claims against Defendants.[2] An appropriate Order follows.

Dated: May 5, 2021

                                                s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court notes that according to Plaintiff, he needs assistance obtaining his medical records, which "will comprise the vast majority of the discovery process." (*See* Docket Entry No. 19 at 2). As such, it is unclear whether Plaintiff is, in fact, able to conduct the necessary factual investigation.

[2] If an affidavit of merit is obtained and Plaintiff's claim for medical malpractice proceeds, the Court will then determine whether *pro bono* counsel shall continue to represent Plaintiff for all purposes.